## Commonwealth v. Anderson

*Roy A. Keefer,* assistant district attorney, for the Commonwealth.

*Lovette M. Mott,* for defendant.

SPICER, *P.J.,* October 28, 1983—This court found defendant guilty of violating 75 Pa. C.S. §3361 after a bench trial and he has filed post-verdict motions. Those motions raise a very troubling issue which relates to the discretion that a police officer has in deciding under which section of the Vehicle Code a charge will be filed.

Defendant, who is a truck driver, was driving through McSherrystown, Pa., when he was stopped by Sergeant Anthony Weaver. Sergeant Weaver said he followed defendant for over one half mile, obtained a clock over four tenths of a mile, and originally intended to issue a citation under section 3362

based upon a speed of 40 in a 25 mile zone. He said he changed his mind, however, when defendant told him he was a truck driver and asked Sergeant Weaver to "cut him a break." Sergeant Weaver then decided to charge defendant for driving too fast for conditions rather than the exceeding speed limit because he thought this might save defendant his license (it didn't) and because he thought the section 3361 charge was justified by the conditions of the road (snow banks along the road and some ice at the intersections).

Defendant admitted telling the officer that he was a truck driver, denied asking for a break, and said there was absolutely no abnormal conditions on the roadway itself which would have affected the safe driving of the vehicle.

Following the close of testimony, the court found that defendant had asked for a break from the officer and had thus waived his right to object to being charged under the general section 3361 rather than the specific section 3362.

In his post-verdict motions, defendant stresses that general law requires that a person be charged with a specific, not a general section of the law. Commonwealth v. Vukovich, 301 Pa. Super. 111, 447 A.2d 267 (1982); Commonwealth v. Frisco, 67 D. & C. 51 (1948); Commonwealth v. Rice, 82 D. & C. 541 (1952).

We have no trouble in holding that generally this rule will be followed. However, we think there are exceptions. We admit this is a case of first impression and that we apply only our reasoning. We hold that a conviction for a general section can be sustained if the following conditions are met: first, that the Commonwealth is able to prove a violation of the specific section and the general charge is not the re-

sult of an inability to proceed under the specific section; second, that there is some factual basis for the general charge; and third, that the decision to proceed under the general section is the result of some request by the defendant. Those conditions have been met in this case. The following order will be entered.

## ORDER OF COURT

And now, this October 28, 1983, defendant's post-verdict motions are denied. He is directed to appear on December 12, 1983, for the imposition of the statutorily mandated sentence of a fine of $25 and imposition of costs. If defendant pays those sums prior to December 12, 1983, and does not appear, he will be deemed to have waived a recitation of his post-sentence and appeal rights.